# STATE OF VERMONT

SUPERIOR COURT
Vermont Unit

ENVIRONMENTAL DIVISION
Docket No. 164-12-13 Vtec

| Laberge NOV |
|---|

## ENTRY REGARDING MOTION

Title:          Motion for Summary Judgment (Motion 3)

Filer:          Matthew A. Laberge

Attorney:       Brian P. Hehir

Filed Date:     November 13, 2014

Response in Opposition filed on 12/22/2014 by Attorney Claudine C. Safar for Appellant Fiona Fenwick

**The motion is DENIED.**

This appeal relates to certain activities undertaken by Matt and Judy Laberge ("the Laberges") on their property located at 852 Hayden Hill Road West in Hinesburg, Vermont. The Town of Hinesburg ("Town") Zoning Administrator issued the Laberges a Notice of Violation ("NOV") on July 31, 2013 for unreasonable noise on their property, in violation of § 5.12.1 of the Town of Hinesburg Zoning Regulations ("Regulations"). The NOV was prompted by noise complaints from neighboring landowners, Gary and Fiona Fenwick ("Appellants"), and referenced three specific dates in the summer of 2013 on which noise was reported at an intensity exceeding 80 decibels ("dBA") at the property line every five-minutes for 10 to 15 seconds over the course of 1 to 2 hours. This noise was caused by the use of two off-road motorcycles.

The Laberges appealed the NOV to the Town of Hinesburg Development Review Board ("DRB"), which found that the Laberges' motorcycle use during the summer of 2013 constituted a "usual and customary residential activity" and was not in violation of § 5.12.1 regarding noise restrictions. Appellants timely appealed that decision to this Court. The Laberges now move for summary judgment, asking the Court to find that their motorcycle use is not a zoning violation as a matter of law. Appellants oppose the motion on the grounds that material facts are in dispute regarding the extent and frequency of the noise impacts and therefore whether the Laberges violated the Regulations noise standards.

We may only grant summary judgment to a moving party upon a showing that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." V.R.C.P. 56(a). We must "accept as true the [factual] allegations made in opposition to

the motion for summary judgment" and give the non-moving party the benefit of all reasonable doubts and inferences.  Robertson v. Mylan Labs., Inc., 2004 VT 15, ¶ 15, 176 Vt. 356 (internal citation omitted).

The sole legal issue is whether the Laberges violated § 5.12.1 of the Regulations as alleged in the Notice of Violation that is on appeal.  Regulations § 5.12.1 states that "[u]nreasonable noises are not permitted.  A determination of 'unreasonable' shall include factors such as intensity, duration, and frequency (i.e., how often it occurs). . . . This section 5.12.1 shall not be construed to prohibit usual and customary residential activities or property maintenance."

In their motion for summary judgment the Laberges argue that the intensity, duration, and frequency of the noise of the motorcycle use of their property are minimal and therefore the Court should rule that the noise is not unreasonable as a matter of law.  This is, however, a factual issue that is material to the resolution of the case and clearly disputed by Appellants.

In the alternative, the Laberges argue that the use of off-road motorcycles is a usual and customary residential activity in the Town of Hinesburg and therefore is exempt from the noise performance standards.  In support of this the Laberges assert that at least 17 other families use their property in a similar way.  This fact, also, is disputed by Appellants and the Laberges have not supported this fact with any affidavit or other admissible evidence.  More importantly, however, a determination of whether or not the Laberges' particular use of their property is a customary residential activity requires the same factual record of the intensity, duration, and frequency of the use among other possible factors.  For example, a residential activity may be customarily done only occasionally; if it is done for hours at a time on a regular basis it may not be a customary residential activity.  Thus, material facts are in dispute regarding this issue as well.

Because the Laberges have failed to show either absence of a genuine dispute of material fact or that they are entitled to judgment as a matter of law, their motion for summary judgment is **DENIED.  This matter shall proceed to trial as scheduled on** Thursday, January 15, 2015.

Electronically signed on January 08, 2015 at Newfane, VT, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division


Notifications:
Claudine C. Safar (ERN 3985), Attorney for Appellants Gary and Fiona Fenwick
Ernest M. Allen (ERN 3968), Attorney for Interested Person Town of Hinesburg
Brian P. Hehir (ERN 4252), Attorney for Appellees Matthew and Judith Laberge